IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CATHY O'QUINN                                                                    PLAINTIFF

v.                                  Civil No. 6:18-cv-06025

COUNTRY INN, INC.; CHARLES KNABE;
and SHON KNABE                                                DEFENDANTS

## **ORDER**

Before the Court is a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed by Defendants Country Inn, Inc., Charles Knabe, and Shon Knabe (collectively "Defendants"). ECF No. 7. Plaintiff Cathy O'Quinn ("Plaintiff") has filed a response.[1] ECF No. 11. Defendants have filed a reply. ECF No. 13. The Court finds this matter ripe for consideration. For the reasons explained below, Defendants' motion is granted in part and denied in part.

## **I. BACKGROUND**

This is an action to recover unpaid overtime wages pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq*. Defendants Charles and Shon Knabe own and operate Country Inn, Inc. ("Country Inn"), a lakeside resort located in Hot Springs, Arkansas. ECF No. 1, ¶¶ 10-15. Plaintiff was employed as an office manager at Country Inn from approximately July 2017 through February 2018. *Id.* at ¶¶ 20-21. Plaintiff alleges that her job duties included "checking in guests, checking out guests, cleaning the resort, answering the telephone and taking reservations." *Id.* at ¶ 22. Plaintiff also claims that she "regularly booked reservations via telephone and/or the internet" during her tenure at Country Inn. *Id.* at ¶ 23. Plaintiff further alleges that she was issued a company cell phone that she was required to keep at all times. *Id.* at ¶ 31-

---

[1] Included in Plaintiff's response is a motion for relief pursuant to Federal Rule of Civil Procedure 56(d).

32. According to Plaintiff, part of her official job duties included being available "in case the company cell phone rang and to answer the company cell phone when it rang." *Id*. at ¶ 33.

On March 8, 2018, Plaintiff filed the present action against Defendants, alleging that they violated the FLSA and the AMWA. Specifically, Plaintiff alleges that she worked more than forty hours per week in one or more weeks during her tenure at Country Inn. *Id*. at ¶ 34. In addition, Plaintiff alleges that she was never paid any overtime premiums for the work she performed in excess of forty hours per week. *Id*. at ¶ 37. In her demand for relief, Plaintiff seeks a declaration that Defendants violated the FLSA and the AMWA, payment of unpaid wages, liquidated damages, attorneys' fees and costs, and pre-judgment interest. *Id*. at p. 8.

On April 10, 2018, Defendants filed the instant motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 56(a). Specifically, Defendants contend that Plaintiff has failed to sufficiently allege the existence of either individual or enterprise coverage under the FLSA. In the alternative, Defendants argue that summary judgment is appropriate because Plaintiff cannot produce any evidence showing that Country Inn qualifies for "enterprise" coverage under the FLSA. Defendants also urge the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims if the Court dismisses Plaintiff's FLSA claims. The Court will consider each of Defendants' arguments in turn.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 328 (8th Cir. 2016) (citing *Gunn v. Minton*, 568 U.S. 251, 256 (2013)). Federal Rule of Civil Procedure 12(b)(1) allows a defendant to seek dismissal of an action for lack of

2

subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "The party asserting federal jurisdiction . . . shoulders the unshifting burden of establishing federal jurisdiction." *Modis, Inc. v. Viet*, No. 415CV00110SMRRAW, 2015 WL 13545484, at *3 (S.D. Iowa Nov. 10, 2015) (citing *Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013)).

In deciding a motion under Rule 12(b)(1), a court must first determine whether the motion is a "facial attack" or a "factual attack" to subject-matter jurisdiction. *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (citation omitted). "In a facial challenge . . . the factual allegations concerning jurisdiction are presumed to be true and a complaint will be dismissed only if the defendant shows that the plaintiff failed to allege some element necessary to invoke the court's jurisdiction." *Saxton v. Fed. Hous. Fin. Agency*, 245 F. Supp. 3d 1063, 1070-71 (N.D. Iowa 2017) (citing *Branson Label*, 793 F.3d at 914). In such circumstances, "the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id*. "Conversely, in a factual attack, the existence of subject matter jurisdiction [is challenged] in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Branson Label*, 793 F.3d at 914-15 (citation and quotations omitted). "Thus, the non-moving party would not enjoy the benefit of the allegations in its pleadings being accepted as true by the reviewing court." *Id*. (citation omitted).

### B. Rule 12(b)(6) Standard

A motion to dismiss pursuant to Rule 12(b)(6) should be granted when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The complaint must be liberally construed in the light most favorable to the plaintiff, and a court must accept as true all factual allegations in the complaint, even if doubtful. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

3

554-55 (2007). Dismissal should be granted when the plaintiff has not proffered "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

C. **Summary Judgment Standard**

When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment

4

may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

### III. DISCUSSION

Defendants' motion to dismiss and motion for summary judgment primarily argue that dismissal is appropriate because no FLSA coverage exists. The FLSA provides for two types of coverage: (1) individual employee coverage, and (2) enterprise coverage. 29 U.S.C. § 206. "To adequately plead individual coverage under the FLSA, plaintiffs must allege that, at times relevant to their claim, they were 'engaged in commerce or in the production of goods for commerce.'" *Shorts v. Primeco Auto Towing, L.L.C.*, No. CIV.A. H-13-2794, 2014 WL 3670004, at *2 (S.D. Tex. July 22, 2014) (quoting 29 U.S.C. § 207(a)(2)(C)). Likewise, in order to adequately plead enterprise coverage under the FLSA, plaintiffs must allege that their employer was an "enterprise engaged in commerce or in the production of good for commerce." 29 U.S.C. § 203(s)(1). "Either individual or enterprise coverage is enough to invoke FLSA protection." *Landeros v. Fu King, Inc.*, 12 F. Supp. 3d 1020, 1032 (S.D. Tex. 2014) (citing *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992)).

**A. Rule 12(b)(1)**

First, Defendants maintain that Plaintiff's FLSA claims must be dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Specifically, Defendants argue that the Court lacks subject-matter jurisdiction because Defendants do not meet the threshold requirements of 29 U.S.C. § 203(s)(1)(A), which extends "enterprise coverage" to any enterprise whose annual gross volume of sales or business is $500,000 or more.[2] In response,

---
[2] As explained in greater detail below, an employee may assert enterprise coverage if her employer: (1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (2) has gross volume sales or business of at least $500,000 annually. 29 U.S.C. § 203(s)(1)(A).

5

Plaintiff contends that Defendants' motion to dismiss should be denied because FLSA coverage is not a jurisdictional issue and, instead, goes to the merits of the claim.

Upon consideration, the Court agrees that Defendants' motion to dismiss for lack of subject-matter jurisdiction should be denied. Although the Court is unaware of any Eighth Circuit precedent regarding the question, several district courts have concluded that the issue of whether a defendant is subject to enterprise coverage under the FLSA has no bearing on whether a court lacks subject-matter jurisdiction over such claims. *See, e.g., Joseph v. Mortaza A. Yamini, D.D.S., P.A.*, No. 10-60399-CIV, 2010 WL 11602266, at *1 (S.D. Fla. June 9, 2010) (finding that "nothing in the FLSA indicates that the enterprise coverage restriction is jurisdictional"); *Brown v. Peaches & Pears Soc. Club, Inc.*, No. 4:11CV00224 SWW, 2011 WL 6153630, at *3 (E.D. Ark. Dec. 12, 2011) (denying Rule 12(b)(1) motion to dismiss because the issue of enterprise coverage involved the merits of the plaintiffs' claim); *Rodriguez v. Diego's Rest., Inc.*, 619 F. Supp. 2d 1345, 1350 (S.D. Fla. 2009) ("enterprise coverage under the FLSA is an element of a plaintiff's claim for relief, not a jurisdictional threshold"). Accordingly, the Court finds that Defendants' motion to dismiss Plaintiff's FLSA claims for lack of subject-matter jurisdiction should be denied.

**B. Rule 12(b)(6)**

Next, Defendants argue that Plaintiff's FLSA claims should be dismissed because she has failed to sufficiently plead FLSA coverage. Specifically, Defendants argue that Plaintiff has failed to allege facts that establish individual coverage because she "never alleges . . . that she was engaged in interstate commerce or in the production of goods for interstate commerce." ECF No. 8, p. 6. According to Defendants, Country Inn is not engaged in the production of goods for interstate commerce and, thus, Plaintiff must allege that she was individually engaged in interstate commerce while working as an office manager for the resort. Defendants maintain that Plaintiff

has only alleged that she checked in guests, cleaned the resort, answered the telephone, and booked reservations using a telephone and the internet—job functions that are purely local and outside the scope of the FLSA, according to Defendants.

In response, Plaintiff takes the position that Defendants' motion to dismiss should be denied because the determination of whether individual coverage exists is more appropriately made at the summary judgment stage of litigation. As such, Plaintiff urges the Court to deny Defendants' motion so that the parties can engage in additional discovery regarding the issue of individual coverage. Additionally, Plaintiff asserts that she has pleaded sufficient facts regarding individual coverage to survive dismissal. In support of her position, Plaintiff points to the above-mentioned facts, as well as her allegations that she was required to keep a company cellphone with her at all times.

Upon consideration, the Court concludes that Defendants' motion to dismiss Plaintiffs' claims regarding the existence of individual FLSA coverage should be denied at this time. As Plaintiff notes, several district courts within this circuit have been reluctant to grant motions to dismiss as to individual coverage before the parties have had an opportunity to engage in discovery. *See, e.g., Chavez v. Montes*, 91 F. Supp. 3d 1091, 1093 (W.D. Ark. 2015) (denying motion to dismiss because "[d]etailed facts concerning the characterization of Plaintiff's role . . . , her precise job description and daily duties . . . may be uncovered in the course of discovery); *Case v. Gabriele Crane Rental, Inc.*, No. 2:08-CV-04197-SOW, 2008 WL 11409423, at *1 (W.D. Mo. Dec. 15, 2008) ("The determination of whether or not . . . individual coverage exists is more appropriate for the summary judgment stage of litigation, after the parties have had the opportunity to engage in further discovery."). As in those cases, because discovery may yield additional facts regarding the nature and extent of Plaintiff's job duties at Country Inn, the Court will deny Defendants'

motion to dismiss as to this issue. The Court will entertain a motion for summary judgment on the issue once the parties have concluded discovery, should either party wish to file such a motion.[3]

   **C. Summary Judgment**

Next, Defendants contend that summary judgment is appropriate on the issue of enterprise coverage. As previously mentioned, an employee may state a claim under the FLSA by establishing one of two types of coverage: (1) individual coverage; or (2) enterprise coverage. A defendant is subject to FLSA enterprise coverage if it is shown that it (i) "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (ii) has an "annual gross volume of sales made or business done [ ] not less than $500,000." 29 U.S.C. § 203(s)(1)(A). Defendants maintain that they are entitled to summary judgment because Country Inn's revenues for the years 2015 through 2017 are "far less" than the FLSA's $500,000 threshold. ECF No. 8, p. 6. In support of their position, Defendants have proffered an affidavit from Charles Knabe, as well as several tax returns for Country Inn, demonstrating that Country Inn did not experience annual revenue or receipts equal to or greater than $500,000 from 2015 to 2017. ECF No. 7-1.

In response, Plaintiff moves the Court—pursuant to Rule 56(d) of the Federal Rules of Civil Procedure—to either deny Defendants' summary judgment motion or defer ruling on the motion until after the parties have conducted discovery regarding whether Defendant meets the $500,000 threshold of sales made or business done. In support of her motion, Plaintiff has attached a declaration stating that she does not have access to Defendants' annual sales records and has no

---

[3] In addition to attacking the factual allegations set forth in Plaintiff's Complaint, Defendants also argue that they are entitled to summary judgment as to the existence of individual coverage. In support of this position, Defendants have attached an affidavit from Charles Knabe, which outlines Plaintiff's "chief duties" at the resort. ECF No. 7-1. To the extent that Defendants move for summary judgment as to the individual coverage issue, the Court denies Defendants' motion for the same reasons as stated above.

copies of such records. ECF No. 11-1, ¶ 16. In addition, Plaintiff's declaration states that she has never been afforded an opportunity to inspect Defendants' records. *Id.* at ¶ 17. Defendants oppose Plaintiff's motion, arguing that additional discovery will not aid Plaintiff in establishing enterprise coverage.

"Under Rule 56(d), a court may defer considering a summary judgment motion or allow time for discovery '[i]f a nonmovant shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition.'" *Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 836 (8th Cir. 2015) (quoting Fed. R. Civ. P. 56(d)). "Rule 56 does not require trial courts to allow parties to conduct discovery before entering summary judgment." *Id.* (citation and quotations omitted). "Thus district courts possess wide discretion in denying Rule 56(d) motions." *Id.*

"In order for the Court to grant [a Rule 56(d) motion], Plaintiffs must 'show what specific facts further discovery might unveil.'" *Smith v. Securus Techs., Inc.*, 120 F. Supp. 3d 976, 986 (D. Minn. 2015) (quoting *United States ex rel. v. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002)). A party cannot defeat a Rule 56(d) motion by simply setting forth some facts she hopes to elicit from further discovery. *Anzaldua*, 793 F.3d at 836-37. "[T]he mere assertion that evidence supporting a party's allegation is in the opposing party's hands is insufficient to justify a denial of a summary judgment motion on [Rule 56(d)] grounds." *Id.* at 837 (alteration in original). Instead, the plaintiff must show that the facts she seeks to obtain through discovery exist. *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 896 (8th Cir. 2014) (citation omitted).

Upon consideration, the Court finds that Plaintiff has failed to meet the requirements of Rule 56(d). Specifically, Plaintiff has failed to state with specificity exactly what additional information she would hope to uncover through additional discovery. Although, Plaintiff urges

9

the Court for an opportunity to conduct discovery regarding "Defendants' business records regarding sales generated from the hotel," it is unclear what additional information Plaintiff hopes to gain from such records that has not already been proffered by Defendants. ECF No. 11, p. 17. As previously mentioned, Defendants have attached an affidavit, along with several tax returns, demonstrating that Country Inn's gross sales volume fell short of the FLSA's $500,000 threshold from 2015 to 2017. At least one district court faced with similar facts has granted dismissal and rejected a plaintiff's request for additional discovery pursuant to Rule 56(d). *See Russell v. Cont'l Rest., Inc.*, 430 F. Supp. 2d 521, 524 (D. Md. 2006) (finding unavailing the plaintiff's argument that a dispositive ruling was premature where the defendants attached both an affidavit and the tax returns for the prior three years to their motion to dismiss, establishing that the defendants did not meet the FLSA enterprise standard). Accordingly, the Court concludes that Defendants' summary judgment motion as to the issue of FLSA enterprise coverage should be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion to dismiss pursuant to Rule 12(b)(1) is **DENIED**. Defendants' motion to dismiss as to the issue of individual coverage is **DENIED**. Plaintiff's motion for relief pursuant to Rule 56(d) is **DENIED**. Lastly, Defendants' motion for summary judgment as to the issue of enterprise coverage is **GRANTED**.

**IT IS SO ORDERED**, this 11th day of July, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge