IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**CATHY O'QUINN**                                                                                           **PLAINTIFF**

**vs.**                                             **No. 6:18-cv-6025**

**COUNTRY INN, INC.; CHARLES KNABE; &**                      **DEFENDANTS**
**SHON KNABE**

---

### DEFENDANTS' MOTION TO CONTINUE

---

COME NOW, Defendants, Country Inn, Inc.; Charles Knabe, and Shon Knabe, by and through their attorneys, Mann & Kemp, PLLC, and for their response to Plaintiff's motion to compel discovery, state as follows:

1. Plaintiff moves the Court to compel discovery responses and/or production of documents from Defendants. Because Plaintiff's motion is untimely, the motion should be denied.

2. The Court fixed the deadline for completion of discovery in this case in its Final Scheduling Order entered August 7, 2018. (Doc. # 18). The Court therein ruled that discovery "must be completed no later than **January 7, 2019**." *Id.* (emphasis in original). The Court further admonished the parties against filing untimely motions over discovery disputes: "Except in extraordinary circumstances, problems with discovery, which are not brought to the Court's attention in time for an opponent to make a proper response and for the Court to make an informed ruling before the close of discovery, will be deemed waived." *Id.*

3. The Court vacated its initial Final Scheduling Order when the action was transferred on January 18, 2019, and the Court thereafter entered another scheduling order, rescheduling the matter for trial. (Doc. # 21). But, in rescheduling the trial, the Court noted that the deadline for completing discovery had passed, and expressly stated that **"No discovery deadlines are extended**

1


**by this Order.**" *Id.* (emphasis in original). The Court issued the same admonishment against filing any untimely motions to compel discovery. *Id.*

4. The Court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16 identifies separate stages of the litigation process and calls for limits in "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A); *see also Meade v. City of Dermott, Ark.*, No. 5:12CV-00315, 2013 WL 5890346 (E.D. Ark. Nov. 1, 2013 (quoting *Marvin Lumber & Cedar Co. v. PPG Industries, Inc.*, 177 F.R.D. 443, 445 (D. Minn. 1997) ("To allow a party to continue with formal discovery—that is, discovery which invokes the authority of the Court—whether in the guise of Rule 45, or any other discovery methods . . . after [the] discovery deadline unnecessarily lengthens [the] discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial.").

5. Plaintiff pleads no "extraordinary circumstances" in her untimely motion to compel and offers no explanation why she did not complete her discovery before the discovery deadline in this case. If Plaintiff had an issue with Defendant's discovery responses, Plaintiff had an obligation to bring the issue the Court's attention with sufficient time for Defendants to respond and for the Court to make an informed ruling before the Court-imposed discovery deadline. Plaintiff was afforded more than sufficient time to conduct discovery in this matter and cannot plead for additional time when she waited until December 5, 2018—nine months after the action was filed and thirty-four days before the discovery deadline—to propound any written discovery in this action. *See* attached hereto marked as **Exhibit 1**, correspondence from Plaintiff's counsel propounding Plaintiff's first set of interrogatories and requests for production of documents.

6. Plaintiff waived any right she may have had to complain about Defendants' responses to written discovery by waiting until only thirty-four days remained in the discovery period of this case. By waiting so long to even begin the discovery process, Plaintiff ensured that there was no way

to bring any discovery dispute before the Court with sufficient time to allow Defendant's a reasonable response and ensure the Court has sufficient time to make an informed ruling before the discovery deadline.

7. The Court should deny Plaintiff's motion as untimely, as any discovery dispute should have been brought to the Court's attention before the January 7, 2019 discovery deadline. The Court has already indicated that it considered discovery in this action completed. *See* Doc. # 21. Plaintiff offers no good explanation or any extraordinary circumstances showing why the deadline should be extended.

WHEREFORE, premises considered, Defendants pray that the Court deny Plaintiff's motion to compel.

> Respectfully submitted,
>
> Defendants
>
>
> By: /s/ Hamilton Kemp
> Hamilton Kemp, A.B.A. #2008283
> Mann & Kemp, PLLC
> 221 West Second Street, Suite 408
> Little Rock, Arkansas 72201
> Phone: (501) 222-7378
> Fax: (501) 222-78478

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing upon the following counsel of record via the Court's electronic filing system on this the 4th day of April 2019:

Josh West
Josh Sanford
Sanford Law Firm, PLLC
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72120

/s/ Hamilton Kemp



Hamilton Kemp <hamilton@mannkemp.com>

---

## O'Quinn v. Country Inn: ROGs and RFPs

---

**Josh West** <west@sanfordlawfirm.com>  
To: angela@mannkemp.com, harrison@mannkemp.com, hamilton@mannkemp.com  
Cc: josh@sanfordlawfirm.com, west@sanfordlawfirm.com

Wed, Dec 5, 2018 at 5:46 PM

See attached Interrogatories and Requests for Production. I have attached Word versions for convenience in drafting responses. Thanks!


**Joshua West**

Attorney at Law

west@sanfordlawfirm.com


Offices in Little Rock and Russellville, Arkansas

Licensed in Arkansas


**Sanford Law Firm, PLLC**

One Financial Center

650 South Shackleford, Suite 411

Little Rock, Arkansas 72211

Telephone: (501) 221-0088

Direct: (501) 904-1651

Facsimile: (888) 787-2040

Website: www.sanfordlawfirm.com


This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 USC 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (479) 880-0088 or by return e-mail and delete the message and any attachments.

---

**6 attachments**


**1st ROGs and RFPs_O'Quinn to C. Knabe.pdf**
43K


**1st ROGs and RFPs_O'Quinn to C. Knabe.docx**
37K



EXHIBIT 1

- 1st ROGs and RFPs_O'Quinn to Country Inn.pdf
  43K
- 1st ROGs and RFPs_O'Quinn to Country Inn.docx
  37K
- 1st ROGs and RFPs_O'Quinn to S. Knabe.pdf
  44K
- 1st ROGs and RFPs_O'Quinn to S. Knabe.docx
  37K