IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CATHY O'QUINN                                                                    PLAINTIFF

v.                                      Civil No. 6:18-cv-06025

COUNTRY INN, INC., *et al*                                               DEFENDANTS

**REPORT AND RECOMMENDATION**
**OF A UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Defendants' Motion for Summary Judgment.  ECF No. 22.  Plaintiff

has responded.  ECF No. 26.  This Motion was referred to the undersigned for a report and

recommendation, and this Motion is now ripe for consideration.

**I.      Background:**

This is an action to recover unpaid overtime wages pursuant to the requirements of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Arkansas Minimum Wage Act

("AMWA"), Ark. Code Ann. § 11-4-201, *et seq*.  Defendants Charles and Shon Knabe own and

operate Country Inn, Inc. ("Country Inn"), a lakeside resort located in Hot Springs, Arkansas.  ECF

No. 1, ¶¶ 10-15.  Plaintiff was employed as an office manager at Country Inn from approximately

July 2017 through February 2018.  *Id.* at ¶¶ 20-21.  Plaintiff lived in a company owned apartment

on the premises of the Country Inn.  *Id.* at ¶ 28.  In addition to the company owned apartment,

Plaintiff was also paid $400.00 per week for her job.  *Id.* at ¶ 35.

Plaintiff alleges her job duties included "checking in guests, checking out guests, cleaning

the resort, answering the telephone and taking reservations."  *Id.* at ¶ 22.  Plaintiff also claims she

"regularly booked reservations via telephone and/or the internet" during her tenure at Country Inn.

*Id.* at ¶ 23.  Plaintiff further alleges she was issued a company cell phone that she was required to keep at all times.  *Id.* at ¶ 31-32.  According to Plaintiff, part of her official job duties included being available "in case the company cell phone rang and to answer the company cell phone when it rang."  *Id.* at ¶ 33.

On July 11, 2018, this Court granted Defendants partial summary judgment on the issue of enterprise coverage, ruling that Defendants' evidence on summary judgment established the motel's annual revenue of less than the $500,000 threshold of 29 U.S.C. § 203(s)(1)(A)(ii).  ECF No. 15.  The Court denied Defendants' request to dismiss Plaintiffs' claims regarding the existence of individual FLSA coverage because discovery might yield additional facts regarding the nature and extent of Plaintiff's job duties at Country Inn.  *Id.*  The Court indicated it would entertain a motion for summary judgment on the issue once the parties had concluded discovery.  *Id.*

On February 27, 2019, Defendants filed their Motion for Summary Judgment on Plaintiff's FLSA claiming (1) Plaintiff's position at the Country Inn was exempt from FLSA coverage pursuant to 29 C.F.R. § 785.23 and (2) Plaintiff has no FLSA individual coverage because discovery has yielded no facts tending to show Plaintiff was engaged in commerce or in the production of goods for commerce.  ECF No. 22.

**2.**   **Applicable Law:**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a federal court is authorized to grant summary judgment in a case.  Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.  A genuine issue of material fact exists only if "the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on an issue where the nonmovant bears the burden of proof at trial. *Id.* at 324. A mere scintilla of evidence in support of the nonmovant's position is insufficient. *Anderson,* 477 U.S. at 252.

To survive a motion for summary judgment, "a nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." *Parks v. City of Horseshoe Bend, Arkansas,* 480 F.3d 837, 839 (8th Cir. 2007) (citation omitted). As stated in this rule, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." *Id.*

## 3.   Discussion:

The FLSA provides for two types of coverage: (1) individual employee coverage, and (2) enterprise coverage.[1] 29 U.S.C. § 206. "To adequately plead individual coverage under the FLSA, plaintiffs must allege that, at times relevant to their claim, they were 'engaged in commerce or in the production of goods for commerce.'" *Shorts v. Primeco Auto Towing, L.L.C.*, No. CIV.A. H-13-2794, 2014 WL 3670004, at *2 (S.D. Tex. July 22, 2014) (quoting 29 U.S.C. § 207(a)(2)(C)).

---

[1]As previously stated, this Court granted Defendants partial summary judgment on the issue of enterprise coverage. ECF No. 15.

"Either individual or enterprise coverage is enough to invoke FLSA protection." *Landeros v. Fu King, Inc*., 12 F. Supp. 3d 1020, 1032 (S.D. Tex. 2014) (citing *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992)).

In their Motion for Summary Judgment on Plaintiff's FLSA claim, Defendants argue (1) Plaintiff's position at the Country Inn was exempt from FLSA coverage pursuant to 29 C.F.R. § 785.23 and (2) Plaintiff has no FLSA individual coverage because she was not engaged in commerce or in the production of goods for commerce.  ECF No. 22.

**A.  29 C.F.R. § 785.23**

Under the FLSA, employees engaged in interstate commerce "are entitled to overtime compensation for working more than forty hours in a week."  *Reich v. Stewart*, 121 F.3d 400, 404 (8th Cir. 1997) (citing 29 U.S.C. § 207(a)(1)).  "Employers and employees may not, in general, make agreements to pay and receive less pay than the [FLSA] provides for."  *Rudolph v. Metro. Airports Comm'n*, 103 F.3d 677, 680 (8th Cir. 1996)**.**  However, the regulations do provide certain exceptions. Defendants argue they are exempt from FLSA coverage pursuant to 29 C.F.R. § 785.23.  Section 785.23 reads as follows:

> An employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time he is on the premises. Ordinarily, he may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when he may leave the premises for purposes of his own. It is, of course, difficult to determine the exact hours worked under these circumstances and any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted.

29 C.F.R. § 785.23.

Section 785.23 offers a simple and "sound methodology for calculating how many hours [residential] employees actually worked within the meaning of FLSA," thereby avoiding

"complicated, repetitive, and hard-to-resolve disputes about exactly how much time it took to take care of the [residents] each day." *Brigham v. Eugene Water & Elec. Bd.*, 357, F.3d 931, 942 (9th Cir. 2004); *Rudolph v. Metro. Airports Comm'n*, 103 F.3d 677, 681 (8th Cir. 1996). The parties are free to agree upon the number of hours the employee will perform duties for the employer versus the number of hours in which he or she is simply enjoying private pursuits on the employer's premises. The parties' agreement must be reasonable, however, and take into consideration all of the pertinent facts if an employer is to rely upon it to avoid its record-keeping and overtime obligations. As the party seeking the benefit of section 785.23, an employer defendant bears the burden of proving the employment agreement at issue was reasonable. *Garofolo v. Donald B. Heslep Assocs., Inc.*, 405 F.3d 194, 199-200 (4th Cir.2005).

Here, the parties have presented conflicting evidence about the existence of a "reasonable agreement" addressing Plaintiff's compensation. It is undisputed that Plaintiff received $400.00 per week and an apartment for her services as an office manager, however, it is disputed whether Plaintiff's monthly wages covered overtime work. Defendants fail to provide any support for the claim that forty hours is a reasonable estimate of Plaintiff's hours worked. In this regard, Defendants do not provide any "pertinent facts" that were considered when entering into an agreement to pay Plaintiff a fixed amount for forty hours per week of work. The Defendants acknowledge that the number of hours Plaintiff worked for Defendant was unknown. ECF No. 26-2, Pg. 5.

According to Plaintiff, her job duties included keeping office hours, taking phone calls and emails from guests and potential guests, checking guests in and out of the hotel, answering questions and providing information to guests at the hotel, cleaning the hotel rooms and common area, monitoring social media accounts, checking for and fulfilling room service orders, taking deposits

to the bank and going to the store for items such as cleaning and office supplies.  ECF No. 26-1, ¶ 4.

Plaintiff has alleged that Defendants required her to maintain a presence at the office every day, other than Wednesday.  ECF No. 26-1, ¶ 5.  When Plaintiff was initially hired, a second office worker was employed to cover the last two hours of office time, but within a few weeks of beginning employment, the other office worker stopped working at the hotel and Defendants informed Plaintiff she would be required to work all of the office hours herself.  *Id.* at ¶ 12.  According to Plaintiff, she worked between 45 and 60 hours each week just keeping required office hours.  *Id.* at ¶ 7.

Genuine issues of material fact exist concerning how many hours Plaintiff actually works, including what is expected of her under the agreement, how much freedom she had to engage in personal pursuits during the day, and how much knowledge, if any, Defendants had of any alleged "overtime" Plaintiff had.

### B. Individual Coverage

The FLSA mandates that every employer pay each of his or her employees a minimum wage and overtime compensation for any workweek that the employees are (1) "engaged in commerce[2] or in the production of goods for commerce" (individual coverage) or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage). 29 U.S.C. §§ 206(a), 207(a).

For individual coverage, "[t]he burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce."  *Joseph v. Nichell's Caribbean Cuisine, Inc*., 862 F. Supp. 2d 1309, 1312

---

[2] "'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

(S.D. Fla. 2012) (citations omitted).  The test "is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943).

In this matter, Plaintiff has produced evidence from which a reasonable jury could determine Plaintiff qualified for individual coverage under the FLSA by regularly using the instrumentalities of interstate commerce in her work.  Plaintiff was a resident manager at Defendants' hotel from approximately July of 2017 to February of 2018.  ECF No. 22, Exh. 2, ¶ 3–4.  Defendant hotel marketed themselves as a resort location for both in-state and out-of-state guests, and  maintained a website which was accessible to both in-state and out-of-state guests.  *Id.* at ¶ 4, 8.  Plaintiff's job duties included checking in guests, checking out guests, cleaning the resort, answering the telephone and taking reservations.  *Id.* at ¶ 6.

Defendants issued Plaintiff a company cell phone and required Plaintiff to keep her the phone with her at all times so she would always be able answer company calls.  ECF No. 22, Exh. 2.  ¶ 9.  Plaintiff would receive calls from guests or potential guests who lived outside of the State of Arkansas.  *Id.* at ¶ 10, 11, 13**.**  Additionally, Plaintiff made reservations, answered questions about the hotel and otherwise assisted out-of-state guests or potential guests every day.  *Id.* at ¶ 13.  Individuals whose work involves the continued use of the interstate mails, telegraph, telephone or similar instrumentalities for communication across state lines are covered by the FLSA.  29 C.F.R. § 776.10(b); *Schmidt v. Peoples Tel. Union of Maryville, Mo.,* 138 F.2d 13, 15 (8th Cir. 1943).

Further, Plaintiff would use the Internet to process payments for out-of-state guests*,* and when the credit card payment was completed, Plaintiff would typically send an email to the out-of-state guests to confirm their payment had been processed.  *Id.* at ¶ 12.  It is well-settled that "[t]he internet

7

is an instrumentality of internet commerce." *Foster v. Gold & Silver Private Club, Inc.*, 2015 WL 8489998, at *6 (W.D. Va. Dec. 9, 2015) (citing *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004).

**4.** <u>**Conclusion:**</u>

For the foregoing reasons, the Court recommends Defendants' Motion for Summary Judgment (ECF No. 22) be **DENIED**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 9th day of April 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE