IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CATHY O'QUINN                                                                                           PLAINTIFF

V.                                      CIVIL NO. 6:18-cv-6025-RTD

COUNTRY INN, INC., CHARLES KNABE
and SHON KNABE                                                                                      DEFENDANTS

## ORDER

The Court has received a report and recommendation (ECF No. 35) from United States Magistrate Judge Barry A. Bryant.  Plaintiff filed this action against her former employer and its shareholders seeking damages for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq and the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201 et seq. Defendants filed a Motion for Summary Judgment on the grounds that Plaintiff's position was exempt from FLSA coverage and applicable record-keeping and overtime obligations pursuant to 29 C.F.R. §785.23.  Defendants also assert that Plaintiff had no individual FLSA coverage, because Plaintiff was not engaged in commerce or in the production of goods for commerce. (Defs' Mot. Summ. J., Feb. 27, 2019, ECF No. 22.)  The Motion was referred to the Magistrate for a report and recommendation.  Ruling that genuine issues of material fact remain to be tried, the Magistrate recommended that the Motion for Summary Judgment be denied. (Report and Recommendation, April 9, 2019, ECF No. 35.)    Defendants have filed timely objections (ECF No. 36).

Defendants specifically object to the Magistrate's finding that "[g]enuine issues of material fact exist concerning how many hours Plaintiff actually works, including what is expected of her under the agreement, how much freedom she had to engage in personal pursuits

during the day, and how much knowledge, if any Defendants had of any alleged "overtime" Plaintiff had." (Defs' Obj. to Report and Recommendation ¶1, April 22, 2019, ECF No. 36.) Defendants contend that the number of hours actually worked by the Plaintiff is "immaterial to the analysis" and that "assessing the actual hours worked would 'embroil litigants in the very controversy that §785.23 was intended to avoid.'" *Id*. ¶ 2 (citation omitted). According to Defendants, the Affidavit of Charles Knabe submitted in support of the Motion made clear that the parties' agreement was "reasonable" and based on the estimated amount of time needed to perform the duties of the position.

The Court has conducted a de novo review of those portions of the report and recommendation to which Plaintiff has objected. 28 U.S.C. 636(b)(1). Plaintiff's objections offer neither law nor fact requiring departure from the Magistrate's findings. The Report and Recommendation makes clear the Magistrate found genuine issues of material fact for trial based on the conflicting evidence about the existence of a "reasonable agreement" addressing Plaintiff's compensation:

> It is undisputed that Plaintiff received $400.00 per week and an apartment for her services as an office manager, however, it is disputed whether Plaintiff's monthly wages covered overtime work. Defendants fail to provide any support for the claim that forty hours is a reasonable estimate of Plaintiff's hours worked. In this regard, Defendants do not provide any "pertinent facts" that were considered when entering into an agreement to pay Plaintiff a fixed amount for forty hours per week of work. The Defendants acknowledge that the number of hours Plaintiff worked for Defendant was unknown.

(Report and Recomm. 5, ECF No. 35.) The report and recommendation is proper, contains no clear error, and is ADOPTED IN ITS ENTIRETY.

IT IS THEREFORE ORDERED Defendant's Motion for Summary Judgment (ECF No. 22) should be and hereby is DENIED.

SO ORDERED this 2nd day of May 2019.

/s/ Robert T. Dawson
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE