## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HOT SPRINGS DIVISION

**CATHY O'QUINN**                                                                      **PLAINTIFF**

v.                                          **Case No. 6:18-cv-6025-RTD**

**COUNTRY INN, INC.; CHARLES KNABE**                         **DEFENDANTS**
**& SHON KNABE**

### DEFENDANTS' OBJECTION TO THE ALLOWANCE OF FEES

COME NOW, Defendants, and for their objection to Plaintiff's motion for attorney's fees

and costs, state as follows:

### INTRODUCTION

In this FLSA action, Plaintiff accepted Defendant's offer of judgment on June 3, 2019 in the

amount of $6,450.  Plaintiff now moves for an award of attorney's fees, apparently having expended

approximately 118 hours litigating this case, one in which there were no hearings or depositions and

only minimal written discovery.  Plaintiff claims the Court "must find that the hours claimed are

reasonable."  Plaintiff's counsel claims they earned $28,985 in fees litigating this case, but, recognizing

how completely arbitrary that number actually is, Plaintiff's counsel drops the amount claimed in the

motion "by approximately $5000" without explanation.  Plaintiff's counsel has developed a well-know

reputation in FLSA litigation in this District and others:

> Sanford and Rauls have appeared before the undersigned in numerous FLSA actions.
> *See, e.g., Kaup v. Baldor Electric Co.*, 2:17-CV-02049 (Sanford and Rauls); *Easley et al. v.*
> *Confluent Ltd. Co*, 5:17-CV-05065 (Sanford and Rauls); *Jordan, et al. v. RHD, Jr., Inc.*,
> 2:16-CV-02227 (Sanford); *Okada, et al. v. Eagles's HVAC, LLC, et al.*, 2:16-CV-02245
> (Sanford); *Follis, et al. v. EAgleone Hot Shot, Inc.*, 2:15-CV-02128 (Sanford and Rauls);
> *Martinez, et al. v. Bost, Inc.*, 2:14-CV-02090 (Sanford); *Simms, et al. v. Northport Health*
> *Services of Ark., LLC, et al.*, 2:12-CV-02252 (Rauls).  In many of these cases, the Court
> has been called on to review a settlement agreement, and to approve or deny attorney's
> fees and costs after reviewing work claimed by Sanford or Rauls.  This experience has
> left the Court with a strong impression that Sanford and Rauls have very little interest
> in engaging in or responding to discovery, and that most of their FLSA litigation
> efforts are instead directed towards obtaining a settlement for Plaintiffs that includes
> a large fee award for attorneys appearing from the Sanford Law Firm.

1

*White v. The Gregory Kistler Treatment Center, Inc.*, 2:16-CV-02259, 2018 WL 3186976, *2 (W.D. Ark. June 28, 2018).

Plaintiff's counsel's request for fees in this case is unreasonable and the attorney work product was excessive and duplicative. The Sanford Law Firm, for example, bills for approximately 33 "in house conference" primarily consisting of email communication between Plaintiff's various counsel. In total, Plaintiff claims $1,924.50 for communications by and between Plaintiff's attorneys. Plaintiff unequivocally accepted Defendants' offer of judgment via email on June 3, 2019, a copy of which is attached marked **Exhibit 1**. Defendants made the offer for a total sum of $6,450 "plus an award of reasonable attorneys' fees and costs *accrued through the date of this Offer of Judgment . . .*" *See* Offer of Judgment, **Exhibit 2**. Plaintiff nevertheless requests payment of $2,345 incurred after the Plaintiff accepted the offer. Plaintiff's counsel examined the scheduling order    Plaintiff's fee request is unreasonable, and the Court should substantially reduce the award from that prayed for in Plaintiff's motion.

<h2 style="text-align:center">LAW & ARGUMENT</h2>

Under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The amount of the attorney's fee is left to the discretion of the Court. *Whitworth v. French Quarter Partners, LLC*, No. 6:13-CV-6003, 2014 WL 12768333 (W.D. Ark. Sept. 19, 2014). The "starting point for calculating a reasonable attorney's fee is to determine the 'lodestar,' which is the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Although there "is a strong presumption in favor of awarding the lodestar figure," "billing judgment' is also an important consideration—hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.*

In addition to considering the results obtained, the Court may also consider the following factors when evaluating the reasonableness of an attorney's fees:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Whitworth*, at *2.

Plaintiff prays for an unreasonable number of hours in her motion for attorney's fees. Plaintiff requests attorney's fees of almost $2000 for intra-office communications between Plaintiffs various lawyers at the Sanford Law Firm. Defendants should not have to pay for Plaintiff's attorney communications with each other. *Burchell v. Green Cab Company, Inc.*, Case No. 5:15-CV-05076, 2016 WL 894825, *3 (W.D. Ark. Mar. 8, 2016) ("Defendants contend that time spent on intra-firm communications was unnecessary and excessive. The Court agrees."); *Hays v. French Quarter Partners, LLC*, Case No. 6:15-CV-6065, 2016 WL 6518637 (W.D. Ark. Nov. 1, 2016) ("The Court agrees that there are multiple instances of duplicative work performed and excessive intra-firm communications in the itemized list provided by Plaintiff's counsel.). Plaintiff requests $2345 for attorney's fees incurred after she accepted Defendants' offer of judgment, which expressly limits any award of reasonable attorney's fees to fees "accrued through the date of this Offer of Judgment." *See* Exhibit 2. "In accepting Defendants' offer, Plaintiff accepted that term of the offer as well." *Burchell*, *supra*. (ruling that identical offer of judgment precludes award of post-acceptance attorney's fees).

3

In *Whitworth*, another FLSA case tried by the same plaintiff's attorneys, this Court found similar billing to be "excessive" and that "a reduction of some of the total hours claims is accordingly appropriate." *Whitworth*, at * 2. There, the Court found "that an equitable result may be achieved by a percentage reduction of the number of hours claimed by each individual attorney." The Court reduced the time reported by Josh Sandford by 20% and all other Sanford Law Firm attorneys by 50%. The Court made an additional reduction by 25% after considering the circumstances of the case, awarding the plaintiffs in that case attorneys' fees of $48,369, less than half of the amount claimed by the Sandford Law Firm, on a judgment amount of $28,210.48.

A similar reduction in the fees awarded is warranted in this case. The size of the judgment in this case—$6,450—is far smaller than the judgment at issue in *Whitworth* and the case is far less complicated, as the parties in *Whitworth* actually tried their case. This case was not particularly novel. Plaintiff used virtually identical pleadings in this case as in others. Plaintiff's Complaint in this case, for example, is virtually identical to others filed by the Sanford Law Firm, and, while Plaintiff in her motion claims $897.50 in fees associated with the preparation and filing of her complaint in this matter the reality is that the pleadings in this case are duplicates of others. Attached for purposes of comparison are the complaint in this case, **Exhibit 3**, and another complaint recently filed by the Sandford Law Firm, **Exhibit 4**. Plaintiff's attorneys have not been precluded from taking on other litigation matters while litigating this case nor have there been any unreasonable time limitations imposed by the clients or the circumstances. The factors and facts and circumstances warrant substantial reductions of the hours bill by Plaintiff's attorneys in this case.

In her motion, Plaintiff goes into detail about the "economic realities of plaintiff work" describing the incentive a plaintiff's attorney has in keeping attorney-time down on contingent fee agreement cases. It may be true that, in cases for personal injury taken on a contingent fee, the attorney has an incentive to limit the amount of time an attorney works on the file because of the risk and the

4

economic reality that there is going to be a fixed amount of money from which the attorney is to be paid.. But the reverse incentive is true here. Knowing that attorney's fees will be borne by the defendant, Plaintiff's attorneys here are incentivized instead to bill as heavily as possible. The Sanford Law Firm thus bills as much as possible. *See White*, *supra*.

**CONCLUSION**

Defendants respectfully request that the Court substantially reduce the amount of attorneys' fees from that prayed for in Plaintiff's motion. As in *Whitworth*, the circumstances in this case warrant a substantial reduction in attorney's fees, including the well-documented and well-known duplicative overbilling and intra-office communications. The hours claimed by Plaintiff's attorneys are excessive and unreasonable; nor should Plaintiff's attorneys receive an award of attorney's fees incurred after Plaintiff accepted Defendants' offer of judgment.

Respectfully submitted,

Defendants


By: Joseph Hamilton Kemp, Ark. Bar No. 08283
Mann & Kemp, PLLC
221 West Second Street, Suite 408
Little Rock, Arkansas 72201
(501) 222-7378
(501) 222-7478
hamilton@mannkemp.com

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the foregoing via the Court's electronic filing system upon the following attorneys on this ninth day of July 2019:

Joshua West
Josh Sanford

/s/ Joseph Hamilton Kemp

5

**Hamilton Kemp <hamilton@mannkemp.com>**

## O'Quinn v. Country Inn

**west@sanfordlawfirm.com** <west@sanfordlawfirm.com>        Mon, Jun 3, 2019 at 2:35 PM
To: Hamilton Kemp <hamilton@mannkemp.com>
Cc: Josh Sanford <josh@sanfordlawfirm.com>

Hamilton,


Plaintiff accepts the offer of judgment.  We also think it make sense to continue discussing fees and costs to see if we can get that done by agreement as well.  The alternative to negotiating over fees and costs is to go through costly motion practice, which only increases Defendants' monetary exposure because fee petitions are compensable under the FLSA as well.


**Joshua West**

T: 501-221-0088

D: 501-904-1651

west@sanfordlawfirm.com


**From:** Hamilton Kemp <hamilton@mannkemp.com>
**Sent:** Monday, June 3, 2019 1:48 PM
**To:** Josh West <west@sanfordlawfirm.com>

[Quoted text hidden]

[Quoted text hidden]



EXHIBIT

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### HOT SPRINGS DIVISION

**CATHY O'QUINN**                                                                 **PLAINTIFF**

vs.                                          No. 6:18-cv-6025

**COUNTRY INN, INC.; CHARLES KNABE; &**                          **DEFENDANTS**
**SHON KNABE**

---

### OFFER OF JUDGMENT
### PURSUANT TO FED. R. CIV. P. 68

---

TO:    Plaintiff Cathy O'Quinn

      Pursuant to Rule 68 of the Federal Rule of Civil Procedure, Defendants Country Inn, Inc.; Charles Knabe, and Shone Knabe hereby offer to allow judgment to be taken against them by Cathy O'Quinn in the total sum of $6,450.00 (the "Judgment Amount"), plus an award of reasonable attorneys' fees and costs accrued through the date of this Offer of Judgment to be determined by the Court on a properly supported motion. This Offer of Judgment is subject to the following conditions:

      1.     The purpose of this Offer of Judgment is to encourage thee resolution of this claim and avoid the time and expense of litigation. This Offer of Judgment is not an admission of any liability or wrongdoing whatsoever. Although Defendants contend that the claims in this action are without merit, Defendants propose to allow judgment to be entered against them in this action solely for the purpose of resolving the claims of the Plaintiff without the costs and burdens associated with further litigation. Accordingly, this Offer of Judgment is not to be construed as an admission that the Defendants are liable in this action, that Plaintiff suffered any damages, or that Plaintiff (or any other individual allegedly employed by any of the Defendants) has established a violation of the Fair Labor Standards Act, the Arkansas Minimum Wage Act, or any other law.

1



2.      This Offer of Judgment shall not be admissible in any court regarding any issue, except in a proceeding to determine costs and reasonable attorney's fees.

3.      In the event the Plaintiff does not accept this Offer of Judgment, Defendants will move to dismiss the Plaintiff's claims as moot.

4.      Neither the acceptance of this Offer of Judgment, nor the entry of judgment against the Defendants, shall be interpreted as a waiver of the Defendant's right to appeal any order awarding attorneys' fees to the Plaintiff.

Respectfully submitted,

Defendants

By: /s/ Hamilton Kemp
    Hamilton Kemp, A.B.A. #2008283
    Mann & Kemp, PLLC
    221 West Second Street, Suite 408
    Little Rock, Arkansas 72201
    Phone:    (501) 222-7378
    Fax:      (501) 222-7478

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing upon the following counsel of record via email on this the 3rd day of June 2019:

Josh West
Josh Sanford
Sanford Law Firm, PLLC
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72120

/s/ Hamilton Kemp

**FILED**

US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Mar 8, 2018

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**CATHY O'QUINN**                                                              **PLAINTIFF**

vs.                                No. 6:18-cv- **6025**

**COUNTRY INN, INC., CHARLES KNABE**                           **DEFENDANTS**
**and SHON KANABE**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Cathy O'Quinn ("Plaintiff"), by and through her attorneys Joshua West and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against Defendants Country Inn, Inc., Charles Knabe and Shon Kanabe (collectively "Defendants"), states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs as a result of Defendants' failure to pay Plaintiff overtime compensation for all hours that Plaintiff worked in excess of forty (40) per workweek as required by the FLSA and AMWA.



EXHIBIT
3

## II.        JURISDICTION AND VENUE

2.      The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

4.      This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      Defendants conduct business within the State of Arkansas, operating and/or managing a lake resort.

6.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

7.      Defendants employed Plaintiff at a location within the Western District of Arkansas.

8.      The acts alleged in this Complaint had their principal effect within the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.        THE PARTIES

9.      Plaintiff is an individual and a resident and domiciliary of the State of Louisiana.

10.     Defendant Country Inn, Inc. ("Country Inn"), is a domestic, for-profit corporation whose registered agent for service of process in the State of Arkansas is Charles Knabe at 1332 Airport Road, Hot Springs, Arkansas 71913.

11.     Country Inn operates a lakeside resort located at 1332 Airport Road, Hot Springs, Arkansas 71913.

12.     Country Inn maintains a website at http://countryinnlakeresort.com/.

13.     Defendant Charles Knabe ("Charles") is an individual and is the president of Country Inn.

14.     Charles is an owner of Country Inn.

15.     Defendant Shon Knabe ("Shon") is an individual and is an owner of Country Inn.

IV.      FACTUAL ALLEGATIONS

16.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

17.     Defendants have at least two employees that handle, sell, or otherwise work with goods or materials that have been moved in or produced for commerce.

18.     Defendants' annual gross volume of sales or business done for each of the three years preceding the filing of the Original Complaint is not less than $500,000.00.

19.     Defendants have maintained more than four employees within the State of Arkansas at all times during each of the three years preceding the filing of the Original Complaint.

20.     Defendant employed Plaintiff from approximately July of 2017 through February of 2018.

21.     Plaintiff worked for Defendant as the office manager during her tenure.

22.     Plaintiffs job duties included checking in guests, checking out guests, cleaning the resort, answering the telephone and taking reservations.

23.     Plaintiff regularly booked reservations via telephone and/or the internet.

24.     Country Inn was an "employer" within the meaning of the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer under the FLSA.

25.     Plaintiff was Country Inn's employee within the meaning of the FLSA at all times relevant to the allegations in this Complaint.

26.     Country Inn was an "employer" within the meaning of the AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer under the AMWA.

27.     Plaintiff was Country Inn's employee within the meaning of the AMWA at all times relevant to the allegations in this Complaint.

28.     Plaintiff lived on-site during her tenure of employment with Defendants.

29.     Plaintiff's official office hours consisted of ten hour shifts at six days per week.

30.     Plaintiff was on-call twenty-four hours per day, seven days per week, except for Wednesday at 9:00 a.m. through Thursday at 8:00 a.m.

31.     Defendant issued Plaintiff a company cell phone.

32.     Plaintiff was required to keep her company cell phone at all times.

33.     Part of Plaintiff's job duties were to be available in case the company cell phone rang and to answer the company cell phone when it rang.

34.     Plaintiff worked more than forty hours per week in one or more weeks during her tenure.

35.     Country Inn paid plaintiff four-hundred dollars per week in exchange for the services she performed as described in this Complaint.

36.     Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA and the AMWA during Plaintiff's tenure of employment with Country Inn.

37.     Defendants did not pay Plaintiff any overtime premiums when she worked more than forty hours per week.

38.     Charles was directly involved in the day to day operations of Country Inn.

39.     Charles interviewed and hired Plaintiff.

40.     Charles decided Plaintiff's pay.

41.     Charles was in charge of hiring and firing decisions.

42.     Charles was in charge of decisions regarding capital investments and advertising.

43.     Charles regularly gave Plaintiff lists of tasks to complete at the resort.

44.     Charles was an employer within the meaning of the FLSA and AMWA.

45.     Shon was directly involved in the day to day operations of Country Inn.

46.     Shon interviewed and hired Plaintiff.

47.     Shon regularly gave Plaintiff lists of tasks to complete at the resort.

48.     Shone was an employer within the meaning of the FLSA and AMWA.

49.     Defendants knew or should have known of the requirements of the FLSA and AMWA to pay Plaintiff one and one-half times her regular rate for all hours worked over forty per week.

## V.      FIRST CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

50.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

51.     Defendants and Plaintiff had an employer-employee relationship under the FLSA.

52.     The FLSA requires all employers to pay all employees a time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements.

53.     Defendants failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

54.     Defendants' failure to pay Plaintiff all overtime wages owed was willful, and Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff violated the FLSA.

55.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.     SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

56.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

57.     Defendants and Plaintiff had an employer-employee relationship under the FLSA.

58.     The FLSA requires all employers to pay all employees a time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements.

59.     Defendants failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

60.     Defendants' failure to pay Plaintiff all overtime wages owed was willful, and Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff violated the FLSA.

61.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Cathy O'Quinn respectfully prays that each Defendant be summoned to appear and answer this Complaint and for declaratory relief and damages as follows:

A.     A declaratory judgment that Defendants' practices alleged in this Complaint violated the FLSA, the AMWA, and their relating regulations;

B.     Judgment in Plaintiff's favor against Defendants for her actual economic damages in an amount to be determined at trial;

C.     Judgment for liquidated damages as provided for under the FLSA, the AMWA, and their relating regulations;

D.     Judgment for Plaintiff's attorneys' fees, costs, and pre-judgment interest; and

F.     For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**PLAINTIFF CATHY O'QUINN**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 16 2018

JAMES W. McCORMACK, CLERK
By:_____
 DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TOMMY MARSHALL**                                                **PLAINTIFF**

vs.                               No. 4:18-cv-254-BSM

**MWF CONSTRUCTION, LLC,**                                  **DEFENDANT**
**and MATT FOSTER**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Tommy Marshall, by and through his attorneys Sean Short and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendants MWF Construction, LLC, and Matt Foster (collectively "Defendants"), he does hereby state and allege as follows:

This case assigned to District Judge *Miller*
and to Magistrate Judge *Kay*

### I.    PRELIMINARY STATEMENTS

1.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, and a reasonable attorney's fee as a result of Defendants' failure to pay Plaintiff minimum and overtime wages as required by the FLSA and AMWA.



EXHIBIT
4

## II.      JURISDICTION AND VENUE

2.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

4.      Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

6.      Plaintiff was employed by Defendants as a construction worker, working in the Western Division of the Eastern District of Arkansas.

7.      The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

8.      Plaintiff Tommy Marshall is an individual and a resident and domiciliary of the State of Arkansas.

9.      Defendant MWF Construction, LLC ("MWF"), is a domestic, limited liability company..

10.     Defendant Matt Foster ("Foster") is an individual who resides in the State of Arkansas.

11.     Foster serves as the registered agent of MWF, and he keeps an address at 2215 South Louisiana Street, Little Rock, Arkansas 72206.

12.     Foster is principal and/or director and/or officer of MWF.

13.     Upon information and belief, Foster manages and controls the operation of MWF and dictates the employment policies of MWF, including but not limited to the decision to classify certain construction workers as independent contractors.

14.     At all times relevant hereto, Foster had the power to hire and fire employees of MWF, supervised and set wages and wage policies for MWF's employees.

15.     Upon information and belief, Foster owns all or part of MWF.

16.     MWF is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant hereto, Plaintiff's employer.

17.     Foster is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant hereto, Plaintiff's employer.

18.     Defendants       maintain       a       website       at http://www.mwfconstructionusa.com/.

19.     Defendants  provide  construction  and  restoration  services throughout the Little Rock area.

20.     During the relevant time, Defendants had at least some employees who engaged in interstate commerce or in the production of goods for interstate

commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, including, but not limited to, items such as hand tools, power tools, hard hats, as well as construction supplies such as piping, lumber and wiring.

21.    Defendants' annual gross volume of sales for each of the four years preceding the filing of the Original Complaint in this case is not less than $500,000.00.

22.    Defendants employed more than four employees within the State of Arkansas during each of the four years preceding the filing of the Original Complaint.

## IV.    FACTUAL ALLEGATIONS

23.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

24.    During the relevant time, Plaintiff performed construction services on behalf of Defendants.

25.    Plaintiff worked for Defendants during a period beginning around November of 2017 through March 16, 2018.

26.    Plaintiff worked for Defendants as a security guard from November of 2017 until around December of 2017.

27.    Starting in December of 2017, Plaintiff worked for Defendants as a foreman construction worker.

28.    Plaintiff has not financially invested in the company.

29.    Plaintiff does not share in the profits or losses of the company.

30.    Plaintiff has no control over his work environment. Defendants, not Plaintiff, arrange all work for Plaintiff.

31.    Defendants set rules and have complete control over the location and manner of work to be performed, and Plaintiff has to obey these rules or risk the loss of his job.

32.    During the relevant time, Plaintiff performed general construction labor for Defendants for more than forty hours in at least one workweek.

33.    In fact, Plaintiff worked for Defendants for more than forty hours in many workweeks during the relevant time.

34.    Defendants paid Plaintiff a regular rate for all hours that he worked.

35.    Defendants failed to pay Plaintiff one and one-half time Plaintiff's regular rate for all hours worked over forty in a workweek.

36.    At all relevant times, Defendants knew or should have known that the FLSA applied to the operation of a construction and restoration company.

## V.    FIRST CAUSE OF ACTION

### (Violation of the FLSA)

37.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

38.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

39.    At all relevant times, Plaintiff was a non-exempt employee within the meaning of the FLSA.

40.     Plaintiff regularly worked over forty (40) hours per week, and Defendants had knowledge that Plaintiff regularly worked over forty hours per week.

41.     Defendants failed to pay Plaintiff overtime pay for all hours worked each week in excess of forty (40) each week.

42.     Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

43.     As a result of the foregoing, Plaintiff was illegally deprived of compensation earned, in such amounts as may be determined at trial, and is entitled to recovery of all unpaid amounts, liquidated damages, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## VI.      SECOND CAUSE OF ACTION

### (Violation of the AMWA)

44.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

45.     Plaintiff assert a claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201 *et seq.*

46.     At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

47.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over

forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

48. Defendants classified Plaintiff as exempt from the overtime requirements of the AMWA.

49. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff a rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

50. Defendants' failure was not in good faith.

51. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tommy Walker respectfully requests this Court grant the following relief:

(a)    Summon each Defendant to appear and answer herein;

(b)    Enter declaratory judgment that the practices complained of herein are unlawful under Federal and Arkansas law;

(c)    Enter an Order for complete and accurate accounting of all the compensation to which Plaintiff is entitled;

(d)    Award Plaintiff compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage for a period of three (3) years prior to this lawsuit through the date of trial;

(e)     Award a judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid compensation owed to Plaintiff during the applicable statutory period;

(f)     Award a judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

(g)     An award to Plaintiff of all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action, together with all applicable interest; and

(h)     All such other and further relief to which this Court may find Plaintiff entitled.

Respectfully submitted,

**PLAINTIFF TOMMY MARSHALL**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:

Sean Short
Ark Bar No. 2015079
sean@sanfordlawfirm.com

and

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com