IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CATHY O'QUINN                                                                                           PLAINTIFF

v.                                      Case No. 6:18-cv-06025

COUNTRY INN, INC.; CHARLES KNABE
& SHON KNABE                                                                                        DEFENDANTS

ORDER

Before the Court is Plaintiff's Motion for Attorney Fees and Costs. (ECF No. 47.) Defendants have responded to the Motion (ECF No. 49), and Plaintiff has replied (ECF No. 52). This matter is ripe for consideration.

Plaintiff Cathy O'Quinn filed this action on March 8, 2018 to recover unpaid overtime wages pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-5-201, *et seq*. On June 4, 2019, Plaintiff filed a Notice of Acceptance of Offer of Judgment (ECF No. 44) indicating Plaintiff's acceptance of Defendants' offer for the total sum of $6450 plus reasonable fees and costs. Plaintiff now requests attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

Under 47 U.S.C. § 605, the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to aggrieved party who prevails." 47 U.S.C. §605(e)(3)(B)(iii). As Plaintiff is the prevailing party, the statutory language requires the Court to award full costs, including a reasonable attorney's fee.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

1

*Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary…" *Id*. Plaintiff has submitted evidence documenting with specificity the number of hours worked and the reasonableness of the rates claimed (Decl. of Pl.'s Counsel, July 26, 2019, ECF 34-1). Plaintiff requests fees in the amount of $23,248.00 and costs totaling $3,974.08.

Defendants object to the fee request contending the amount sought is unreasonable and the attorney work product was excessive and duplicative. Specifically, Defendants object to fees totaling $1,924.50 for in-house communications between Plaintiff's attorneys. In addition, Defendants object to the inclusion of fees in the amount $2,345 incurred after Plaintiff accepted Defendants' offer of judgment, because Defendants' offer was limited to reasonable attorneys' fees and costs accrued through the date of the offer.

In reply, Plaintiff points out that the amount requested for in-house communications is only $1,230 and that the communications were reasonable under the circumstances. In addition, Plaintiff submits that the email acceptance of Defendants' offer of judgment clearly indicated that Plaintiff intended to request additional fees if the parties were unable to agree to a reasonable amount of attorney's fees, and the formal Notice of Acceptance of Offer of Judgment (ECF No. 44) explicitly reserved Plaintiff's right to pursue attorney's fees related to litigating the issue of fees. Defendants did not object to the Notice.

Upon review of the court record and file in this matter the Court notes that, early on in the case, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 7) on the issue of FLSA coverage. This motion was granted in part regarding enterprise coverage and denied with respect to individual employee coverage. (Order, July 11, 2018, ECF

No. 15.)   Later in the case, Defendants filed a Motion for Partial Summary Judgment on grounds that Plaintiff's position was exempt from FLSA coverage and that Plaintiff had no individual FLSA coverage because she was not engaged in commerce or in the production of goods for commerce. (ECF No. 22).  This motion was denied.  (Order, May 2, 2019, ECF No. 38.)  Plaintiff was obligated to incur attorney's fees preparing and filing responses to Defendants' motions.  The Court finds that the issues were litigated, that Plaintiff reserved the right to pursue attorney's fees related to litigating the issue of fees, and that the amount total of fees and costs requested are reasonable under the circumstances.

For the reasons stated above, Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 47) should be and here by is **GRANTED**.  Plaintiff is awarded $27,222.08 in attorney's fees and costs.

**IT IS SO ORDERED**, this 24th day of September 2019.

/s/ *Robert T. Dawson*
**ROBERT T. DAWSON**
**SENIOR U. S. DISTRICT JUDGE**